UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOREN BUTLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY, Commissioner, )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-24-1014-CMS |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security with Affidavit ("Application"). Doc. 2. This matter has been assigned to the undersigned Magistrate Judge pursuant to *In re: Social Security Cases*, G.O. 23-1 (W.D. Okla.) (eff. Jan. 6, 2023).

Plaintiff is required to pay a fee of $405.00 to commence his civil action.[1] Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on

---

[1] The total filing fee includes (1) a base fee of $350.00 and (2) an administrative fee of $55.00 for any person not granted in forma pauperis status. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312.  When deciding whether to grant IFP status, the Court can consider "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted).  But a person need not "be absolutely destitute to enjoy the benefit of [28 U.S.C. § 1915(a)]." *Adkins v. E.I. DuPont de Nemours & Co*, 335 U.S. 331, 339 (1948).

A review of Plaintiff's Application demonstrates that he has the ability to pay the $405.00 filing fee.  The Court may consider the income of Plaintiff's spouse and any assets of Plaintiff or his spouse. *Kimball v. Berryhill*, CIV-18-112-BMJ, 2018 WL 1178877, at *1-2 (W.D. Okla. Feb. 9, 2018), *adopted by* 2018 WL 1177485 (W.D. Okla. Mar. 6, 2018); *Gonzales v. Berryhill*, CIV-17-763-BMJ, 2017 WL 3842064, at *1 (W.D. Okla. July 28, 2017) (collecting cases), *adopted by* 2017 WL 3841884 (Sept. 1, 2017).  Plaintiff lists monthly expenses of $2,455.  Application at 3.  Those expenses include:

- House payment: $1,000
- Car payment: $500
- Utilities: $400
- Food: $300
- Gasoline: $110
- Car insurance: $105

- Prescriptions: $40

Over the past twelve months, Plaintiff's spouse received an average of $1,600.00 of income per month. *Id.* at 2. Plaintiff also received an average monthly income of $875.00. *Id.* Plaintiff also states he has $300 in a checking or savings account. *Id*. at 3. Plaintiff has at least $50,000 in equity in his home and he owns two cars—a 2005 Ford F140 worth approximately $1,600 and a 2019 Ford Navigator worth approximately $14,000.[2] *Id.* Plaintiff does not have any dependents. *Id.*

"While this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend, [he] does appear to have discretionary income and/or assets. It appears that [he] has the ability to spend [his] discretionary funds on filing fees if [he] desires." *Lewis v. Ctr. Mkt.*, No. CIV. 09-306 JB/RHS, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010).

The Application demonstrates an ability by Plaintiff to pay the filing fee. Therefore, upon careful consideration of the relevant factors and Plaintiff's financial condition as set forth in his Application, Plaintiff does not qualify to proceed IFP.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security with Affidavit. Doc. 2. It is further recommended that if Plaintiff does not pay

---

[2] Plaintiff makes a monthly payment of $500.00 for at least one of the vehicles. Application at 3.

the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR3.3(e).

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by October 24, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**ENTERED** this 3rd day of October, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE